Judge Owsley
delivered the Opinion of the Court.
Thomas and William Berry both lived and died in the State of Virginia, the former have previous to his death, made and published his last will and testament in writing, and the latter in testate. The executor who took upon himself the execution of the will of Thomas Berry, having also died, administration de bonis non, with the will annexed, was by the court of Virginia, granted to Groves, and by the proper authority, in the same State, administration of the estate of WiJJiam Berry was also granted to Groves. At a sale by Groves of slaves comprised in the residuary bequest of Thomas Berry’s will? Kennon purchased two, and *633 gave his bond to Groves for three hundred and fifty (dollars, the price thereof. The bond was not paid by Kennon when it became payable, and suit was brought against him thereon by 'Groves, and judgment recovered for ,the amount, with interest and post.
Bill for injunction and for distribution.
Answer of Groves, insisting on tlje residuary legatee’s accounting for property in' his possession, claimed by the testator in the devise, as a part of the residium, as a condition to his claim under the will.
Thomas 3?e*r iy’s will.
This suit in equity was then brought by Kennon and wife, for the purpose of being relieved 'against the judgment and to compel Groves, as the administrator of both the Berrys, to account for the administration of both estates, Mrs. Kennon being one of the residuary legatees in the will of Thomas Berry deceased, and one of the distributees of the estate of William Berry, deceased. The bill asked for and obtained an injunction against the judgment at law, prayed for so much of the estate as was coming to Mrs. Kennon and r.s might be necessary for that purpose, to be applied in satisfaction of the judgment, and the residue of her interest to be paid 'to the complainants.
Groves admits Mrs. Kennon to he one of the re-, siduary legatees named in the will of Thomas Berry, does not deny her being one of the distributees .of the estate of William Berry, and acknowledges that he administered on botii estates. He exhibits settlements with the courts of Virginia, of both estates, professes a willingness to credit the judgment with the amount coming to Mrs. Kennon, if it be correct and equitable to do so, but he insists that before Kennpn and his wife are entitled to any thing under the residuary bequest contained in the will of Thomas Berry, they should account for two slaves, the children of a negro woman received by them from the testator, and Avhich slaves, though possessed by them, were considered by thq testator as part of his estate, and directed by him to form a part of his estate mentioned in the residuary bequest under which Kennpn and his wife claim.
Thomas Berry the testator, made his will in 1806, .and did not die until 1819. So much of the will as relates to the matter in contest, is in the following words: ‘‘Whereas I put in<o the hands of my fla.ughter Sally, wife of William Kennon, a negro ' *634 girl named Lucy, which negro girl it is my will and desire shall be set free at the age of twenty-five years, but I reserve to myself all the children she may have previous to her- arriving at the age of twenty-five years, all of which is to he considered part of iny undivided estate until the death of my wife, who is to have the direction of it during her life or widowhood, except the first she has, which I hereby give and bequeath to my grand daughter, Fanny Kennon.”
Gift of the wiftfoGKon-non, from her father, Thos. Berry, pre-íh™circmn-stances and lapse of time Sorry devised the offspring of this I» w acquiesce or abandon all thejvin?ler
By another clause in the will, the testator directs that all the estate not otherwise disposed of and which he left to his wife during her lile, should be divided equally in eight parts, one of which should belong to Mrs. Kennon.
The girl Lucy mentioned in the clause of the will referred to, had three children, the two youngest of which are the slaves which the administrator, Graves, contends should be accounted for by Ken-non and wife.
Kennon appears to have married his wife, the daughter of the testator, in 1194, and in that, year brought her and the girl Lucy to this country, and has resided in this State ever since. From the proof it does not appear that any formal gift of Lucy was made by the testator to his daughter, when left him, but it is evident from the evidence, that the girl was brought by his consent, and from the ownership exercised over her ever since, by Kennon, it is fairly to be inferred that he understood the girl to have been given by the father to his daughter, and that from all the circumstances we have no hesitation jn saying that the girl Lucy ougkf^at the date of the will, to be considered the property of Kennon and not the property of the estaf01” so that it was not within the power of the stestator, against the consent of Kennon, to jrlispose of the girl to others, either by will or any other way. But it is evident, however, that the testator intended that tlie two children now the subject of contest, should form part of his estate mentioned in this residuary clause of his will, and though not in his power to dispose of them against the consent *635 of Kennon, it is Contended that Kennon and his wife cannot, at the same time claim under and against the will, and that they should be compelled to waive all right under the will, or to be made account for the slaves in question, before they can be entitled to any thing under the residuary bequest.
Decree of the circuit court.
No one shall hold property against the devises in a will, and take under the will, but shall elect.
Where the legatee whose property had been claimed by the testator and bequeathed in his will, had sold the property between the making of the will and testator’s death, not knowing of the will, he for buttbfe*"'” value of ‘the property, '. Ihe'coniliti^ oAis0 claim" under the' '
*635 The circuit court was of a different opinion and made a decree giving to the complainants the relief prayed, without making them account for-the two Slaves.
The principie, as a general one, is undeniable, that a devisee cannot claim under and adverse to a will at the same ti me. Acting upon this principle, courts of equity not unusually compel a devisee, if he will take advantage of a will, to take entirely, but not partially, under it. “A man (Lord Chief Justice de Grey remarks,) may give by a mean and indirectly, what is not his either by express condition, or equity accruing upon an implied condition. Where the testator has neglected, probably from ignorance, possibly from inattention to the nature of the estate, to insert such a condition, then a court of equity interposes;” 2 Fonblanque Eq. 225, note 1. In that note the annotator remarks, and refers to many adjudged cases, in support of his statements, “that whenever a testator has, by his will, disposed of the estate of another, to whom he has also, by his will, given other property, whether immediately, or remotely, or contingently, whether of value, or not of value, real or personal; the party shall not be permitted to enjoy any benefit under the will, without relinquishing his claim against it, but shall be put to his election.”
We should, therefore, have no difficulty in saying that before the complainant could be entitled, under the will, to any, part of the estate mentioned in the residuary bequest, they should account for the slaves, if now in their possession, though those slaves of right, may have belonged to them at the date of the will; but it is in proof that in 1813, several years before the death of the testator and whilst Kennon believed himself the rightful owner of the slaves, he sold them to others, and having, *636 therefore, bona fide disposed of them before the will, by the death of the testator could have any operation, it is contended that he should be permitted to claim under the will, without accounting for the slaves, which he has not, and which are not within his power to procure,
An emand-jAttecí slay'e directed to be excluded from the account.
*636 Owing to the sale of tlie slaves by Kennon, it is °bvioiisthat there cannot lie a literal fulfilment of file téstattírVbequest, and as from any thing contain» ed in the record, the sale does not appear to have been'designed to defeat or thwart the 'intention of Urn testator, it would neither be right or equitable to suffer the sale of the slave's and the consequent inability of Kennpn to produce them to the admin* istrator, to work a forfeitp-re of the complainant? right under the will. f>ut the value of thp slave? may be accounted for by the complainants; and it i;eems nothing more than equitable that they should be compelled so to account before they are permitted to take under the will, for.by the sale Kennon has received a benefit from the slaves, which, if he bad not sold be would be bqund to surrender before he could take under the will, and that benefit, though in good faith received, should no,t be retained tq the prejudice of others who, jointly with him, would be Entitled to the slaves, if in his possession, upon his coming in and taking under the will. The yalue to be accounted for should, however, we think, be governed by Use price for which the slaves'were actually spld by Kennon, and not by what they might now be estimated to be worth. It is the sum for which the slaves were sold, and not their present value; that the complainants can, with any propriety be said to hold in opposition to the will. ' It is not (lie slaves but tlie jSrice' for which they’werd sold that is held by the complainants, and it is theréfore the price, and not tlie present value, that should he charged against the complainants, in ihe'accoünt to be taken in the settlement and decree, as to'the residuary bequest'.
The result is, that the decree must be reversed. But as the cause must return to the court-below, jt is proper to notice another error into which Urqfc *637 .felóurt has fallen. ' It is this, that in taking an account of the valué of the slaves, the value of the hegro girl Lucy is made to form an item in the account, and Kehnon is charged with her value in estimating his proportion, whereas Lucy is directed by the will to be, and has been emancipated, and Ivas not one of the negroes intended tó be divided among the legatees under the residuary bequest.
Depew and Barry, for appellants; Crittenden, for appellee.
With the exceptions adverted to, the decree is ¡substantially correct. It must, however, be reversed with posf, the cause remanded, and a decree entered, not inconsistent with the principles of this opiniop.